UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI REESE-BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF RICHMOND, et al.,<br><br>        Defendants. | Case No. 22-cv-00100-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10, 11, 17 |

The motion to dismiss is granted with leave to amend.[1] The defendants' request to strike the opposition brief is denied.

Reese-Brown has failed to respond to almost all the arguments the defendants raised in their motion to dismiss. Because the defendants' position on the False Claims Act, harassment, negligent infliction of emotional distress, and respondeat superior claims is not contested, those claims are dismissed.

Reese-Brown does not respond to the defendants' argument that individual employees cannot be held liable under Title VII for retaliation. But she does contest the defendants' only argument for dismissing the retaliation claim against her employer. The documents submitted with Reese-Brown's opposition brief suggest that she has exhausted this claim. But because her

---

[1] The defendants' two requests for judicial notice are granted. Reese-Brown's EEOC charges and right-to-sue letter are public records whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). The Court takes notice of them for their existence but not for the truth of the matters asserted within them.

    Reese-Brown has not filed a request for judicial notice for the five documents attached to her opposition brief. But those are also public records the Court may take judicial notice of on the same terms.

Case 3:22-cv-00100-VC   Document 24   Filed 04/01/22   Page 2 of 2

exhaustion efforts are not alleged in the complaint, the claim against her employer is also dismissed with leave to amend.

The documents attached to both parties' briefs do not indicate that Reese-Brown timely exhausted her discrimination claim. Reese-Brown was notified of her right to sue on her discrimination charge on July 28, 2020, and had 90 days thereafter to bring a lawsuit. She did not do so. She later filed a new EEOC charge, that was given a different complaint number, for retaliation. That charge and the subsequent right to sue letter she received on February 17, 2022, did not amend her prior discrimination charge and thereby extend her filing deadline. Her failure to timely bring a lawsuit on this claim, combined with the other uncontested arguments raised by the defendants relating to the discrimination claim, must result in the claim's dismissal.

If Reese-Brown wishes to file an amended complaint, it is due within 21 days. In the next iteration of the complaint, Reese-Brown should clearly identify the statute that is the basis of each claim. She should also carefully consider the arguments in the defendants' motion to dismiss, even if not specifically mentioned in this order.

**IT IS SO ORDERED.**

Dated: April 1, 2022

_____
VINCE CHHABRIA
United States District Judge

2